UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER RICHEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN BUILDING )<br>MAINTENANCE et al. )<br>)<br>    Defendants. ) | Case No. CIV-23-422-G |

### ORDER

Plaintiff Jennifer Richey, appearing pro se and proceeding *in forma pauperis*, initiated this federal civil action by filing a Complaint (Doc. No. 1) on May 12, 2023. On May 15, 2023, Plaintiff filed an Amended Complaint and requested the issuance of three summonses for Defendants Chase Disney, Micheal Jackson, and Ginger York. *See* Doc. Nos. 4, 7, 8; *see also* Fed. R. Civ. P. 15(a)(1). Pursuant to Federal Rule of Civil Procedure 4(c)(3), the United States Marshals Service ("USMS") attempted to serve this pleading, but the summons was returned unexecuted as to each of the three individual defendants. *See* Doc. No. 10.

Plaintiff then filed a Second Amended Complaint (Doc. No. 11), as well as four Supplements thereto (Doc. Nos. 14, 15, 16, 17).[1] Plaintiff again requested issuance of

---

[1] Owing to Plaintiff's pro se status, the Court liberally construes these Supplements as part of the Second Amended Complaint. Plaintiff is advised, however, that the Court will not permit her to further expand any pleading "by filing piecemeal amendments and supplements" and that any amended complaint "must stand alone" and "contain all of [her] claims." *Griffith v. Meyer*, No. 11-cv-03078, 2012 WL 2819287, at *1 (D. Colo. July 10, 2012) (citing *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) ("[A]n amended

summonses for the three individual defendants. The Court accepted the pleading, and the summonses were duly issued. *See* Doc. Nos. 12, 13. On August 10, 2023, the USMS returned the summonses unexecuted as to each defendant. *See* Doc. No. 18.

On August 14, 2023, Plaintiff filed a Third Amended Complaint (Doc. No. 19), in which she attempts to incorporate and rely upon her prior pleadings. Plaintiff also has requested that summons be issued as to the two defendants named in the Third Amended Complaint.[2] *See* Doc. No. 20. At this point in the lawsuit, however, Plaintiff may amend her pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff did not request the Court's leave to file her Third Amended Complaint or otherwise comply with this Court's Local Civil Rules to seek amendment. *See id.* R. 7(b)(1), 15(a)(2); LCvR 15.1. Although Plaintiff is a pro se litigant, she is required to comply with the same rules of procedure governing other litigants. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

IT IS THEREFORE ORDERED that the Third Amended Complaint (Doc. No. 19) is STRICKEN. The Court DENIES Plaintiff's request for issuance of summonses as to this pleading (Doc. No. 20).

Plaintiff's Second Amended Complaint (collectively, Doc. Nos. 11, 14, 15, 16, 17) now stands as the current operative pleading in this action. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the USMS is authorized to attempt to serve

---

complaint supercedes an original complaint and renders the original complaint without legal effect." (internal quotation marks omitted)).

[2] The Third Amended Complaint names only American Building Maintenance and the Superintendent of Mid-Del Schools as Defendants.

any defendant for whom Plaintiff properly completes a request for the issuance of a summons. *See* Fed. R. Civ. P. 4(c)(3). As noted, the USMS was unable to accomplish service of this pleading with the addresses and information previously provided by Plaintiff. Despite the authorization of the USMS, service is ultimately Plaintiff's responsibility. "[I]f a court or the USMS is unable to effectuate service with the information provided, the onus remains upon the *pro se* plaintiff to discover and submit sufficient information for service of all defendants he has named in his lawsuit. Although the plaintiff proceeds *in forma pauperis*, it is neither the role nor the responsibility of the Court or the USMS to investigate the whereabouts or to locate parties to a lawsuit." *Folsom v. Grice*, No. CIV-17-1024-D, 2018 WL 5904508, at *3 (W.D. Okla. Oct. 26, 2018) (alterations, omissions, citation, and internal quotation marks omitted) (R. & R.), *adopted*, 2018 WL 5905143 (W.D. Okla. Nov. 9, 2018).

IT IS THEREFORE ORDERED that pursuant to Federal Rule of Civil Procedure 4(m), service of the Second Amended Complaint must be made no later than October 27, 2023. Unless service is waived, Plaintiff must ensure that a proof of service is filed for each defendant on or before October 27, 2023. *See* Fed. R. Civ. P. 4(c), (d), (*l*), (m). The failure to file timely proofs of service as to any defendant may result in the dismissal of the claims against that defendant. *See* Fed. R. Civ. P. 4(m).

IT IS FURTHER ORDERED that the Clerk of Court is directed to mail to Plaintiff the necessary forms for requesting the issuance of summons along with a USM-285 form and a copy of this Order. If Plaintiff wishes to re-attempt to have service made by the USMS, Plaintiff must complete these forms and return them to the Clerk of Court. *See*

Fed. R. Civ. P. 4(b). The Clerk will forward the issued summonses and forms to the USMS to attempt service on Plaintiff's behalf.

    IT IS SO ORDERED this 27th day of September, 2023.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge